**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

CHELSEA DANIELLE JENKINS, ET AL.          CIVIL ACTION NO. 17-0963

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CITY OF RUSTON, ET AL.                    MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(1) Motion, Rule 12(c) Motion, and Rule 56 Motion for Summary Judgment (Record Document 26) filed by Defendants, the City of Ruston and the Ruston City Police Department. Plaintiffs Chelsea and Brittany Jenkins oppose the motion. See Record Document 30. For the reasons set forth below, Plaintiffs' claims against the Ruston City Police Department are **DISMISSED WITH PREJUDICE**, as the police department is not a legal entity capable of being sued. Additionally, Defendants' Rule 12(b)(1) motion is **GRANTED**, as this Court finds that it lacks federal question subject matter jurisdiction. Plaintiffs' claims against the City of Ruston are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## BACKGROUND

On the night of July 28, 2016, the Jenkinses – who are sisters - planned a party at their apartment home at 3100 Courtney Avenue in Ruston, Louisiana. See Record Document 1 at ¶ 5. The party was scheduled to begin at 10:00 p.m. See Record Document 26-10 (Deposition of Chelsea Jenkins) at 93. Guests began arriving around 10:30 p.m. See id. at 111. Chelsea Jenkins estimated that anywhere from 50 to 100 people were at the party. See id. at 93-95. Guests at the party were both inside and outside the Jenkins' residence. See id. at 93-96. There was a disc jockey at the party

and two speakers were placed inside the residence. See id. at 107-110. Chelsea Jenkins stated in her deposition that the party reached its peak attendance around 11:30 p.m. See id. at 111. Chelsea Jenkins admitted that the sound from the party could probably be heard across the street. See id. at 114.

On July 28, 2016, at approximately 11:50 p.m., the Ruston Police Department received a call from a woman who identified herself as Keisha Perry ("Perry"). Perry complained of a "loud, obnoxious party" that was keeping her child awake. Record Document 26-5 (Ruston Police Department Audio Recordings). Perry was standing at 3029 Courtney Avenue when she called and knew the party was "somewhere down from 3029 Courtney." Id. She also stated that "parking is everywhere." Id.

Officer Haskell "Trey" Tull ("Officer Tull"), Officer Cindy Abbott ("Officer Abbott"), and Officer Hannah Laborde ("Officer Laborde") were dispatched to Courtney Avenue in response to Perry's call. See id.; see also Record Document 26-7 (Officer Tull Deposition), Record Document 26-8 (Officer Laborde Deposition), Record Document 26-12 (Ruston Police Department Incident Detail Report), & Record Document 26-13 (CAD Response Report). Upon arrival at Courtney Avenue, the officers noticed "a lot of people grouped up at an apartment" and "in front of the same apartment." Record Document 26-8 at 14-16, 21. The roadway was also blocked with cars. See id. at 24 The officers began searching for the person who was responsible for the party and eventually Chelsea Jenkins advised that she was hosting the party at her residence at 3100 Courtney Avenue. See id. at 14-16 & 20. As evidenced by the officers' Motor Vehicle Recording System ("MVR"), specifically Officer Laborde's MVR, Chelsea Jenkins was informed that she got one warning, the vehicles had to be moved, and that if the officers returned, then

she would be taken to jail.  See Record Document 26-6 (MVR Recordings); Record Document 26-6(a) (Officer Laborde MVR at approximately 00:02:20-00:02:40).  Chelsea Jenkins responded, "okay."  See id.  The officers left Courtney Avenue.  See Record Document 26-8 at 24-27; Record Document 26-6.

On July 29, 2016, at approximately 12:29 a.m., the Ruston Police Department received another call regarding a loud party on Courtney Avenue.  See Record Document 26-5.  This call was received after the officers had already left Courtney Avenue.  See id. More officers responded to the second noise complaint.  See Record Document 26-6; Record Document 26-7; Record Document 26-9 (Officer Cindy Abbott Deposition).  In addition to Officers Tull, Laborde, and Abbott, Sergeant Justin Brown ("Sergeant Brown"), Lieutenant Thomas Evans ("Lieutenant Evans"), and Officer Tyler Book dispatched to Courtney Avenue in response to the second noise complaint.  See id.  According to Officer Laborde, upon her arrival, there were still people gathered and cars blocking the roadway. See Record Document 26-8 at 26-27.  Officer Laborde placed Chelsea Jenkins under arrest for disturbing the peace in violation of Ruston City Ordinance § 11-103.1 (Noise-producing instruments; sound amplification).  See Record Document 26-6(c) (Officer Laborde MVR); Record Document 26-8 at 28-31; Record Document 26-12.  Chelsea Jenkins was transported to the Lincoln Parish Detention Center.  See Record Document 26-6(c).

In order to clear the parked cars, the officers remained on scene after Chelsea Jenkins was transported to the Lincoln Parish Detention Center.  See Record Document 26-7 at 30; Record Document 26-9 at 17; Record Document 26-6.  According to the officers, it was during this time that Brittany Jenkins approached Lieutenant Evans and

Sergeant Brown and started yelling at them. <u>See</u> Record Document 26-7; Record Document 26-9. They maintain that she balled her hand into a fist and lunged at them. <u>See id.</u> They admit that no contact was made. <u>See id.</u> The officers contend that Brittany Jenkins got into a vehicle for a very short period of time, then opened the door and started yelling at them again. <u>See</u> Record Document 26-9 at 17-21. Brittany Jenkins can be heard yelling on Sergeant Brown's MVR. <u>See</u> Record Document 26-6(d) (Sergeant Brown MVR at approximately 00:43:15-00:45:00). The officers warn Brittany Jenkins not to get any closer and ask her friends to "get her out of here." <u>Id.</u> Notwithstanding, Brittany Jenkins denies yelling or having any contact with the officers. <u>See</u> Record Document 30-9 at 9-10. Officer Tull ultimately arrested Brittany Jenkins for violating Ruston City Ordinance § 11-103.3 (Music; yelling; animals). <u>See</u> Record Document 26-7; Record Document 26-12.

In their complaint, Plaintiffs allege that the police officers "illegally, unlawfully, willingly, wrongfully, maliciously, and intentionally shut down [their] party and placed them under arrest for Disturbing the Peace by Excessive Sound or Noise." Record Document 1 at ¶ 5. They further allege that the police officers "willfully and maliciously" threatened them and "forcefully and violently seized [them] against their will and without any cause or justification, putting [them] in mortal fear." <u>Id.</u> at ¶ 7. In addition to this "trespass, assault, and battery," Plaintiffs allege that the police officers detained and imprisoned them against their will without any warrant or authority of law. <u>Id.</u> at ¶ 8.

Plaintiffs sued the City of Ruston and the Ruston City Police Department under 42 U.S.C. § 1983 for assault, battery, false arrest/false imprisonment, and trespass, all based on the actions of individual police officers. <u>See id.</u> Defendants now seek dismissal of

Plaintiffs' claims pursuant to Rule 12(b)(1), Rule 12(c), and Rule 56. <u>See</u> Record Document 26.[1]

<b>LAW AND ANALYSIS</b>

**I.     Rule 12(b)(1) Standard.**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert lack of subject matter jurisdiction as a defense by motion. <u>See</u> F.R.C.P. 12(b)(1). "Subject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and federal statute. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Subject matter jurisdiction "is not to be expanded by judicial decree." <u>Id.</u> In fact, "it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." <u>Id.</u> (internal citations omitted).

Subject matter jurisdiction is implicated when a claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." <u>ACS Recovery Servs., Inc. v. Griffin</u>, 723 F.3d 518, 523 (5th Cir. 2013), citing <u>Oneida Indian Nation of N.Y. v. Cnty. of Oneida</u>, 414 U.S. 661, 666, 94 S.Ct. 772, 777 (1974). A party may challenge subject matter jurisdiction facially or factually. <u>See</u> <u>Paterson v. Weinberger</u>, 644 F.2d 521, 523 (5th Cir. 1981). If the defense makes a facial challenge, "the trial court is required merely

---

[1]The Court has decided the defense motion pursuant to Rule 12(b)(1); thus, the merits of the Rule 12(c) and Rule 56 motions were not reached.

to look to the sufficiency of the allegations in the complaint because they are presumed to be true." Id. If those allegations are sufficient to establish jurisdiction, then the complaint stands. See id. "If a defendant makes a factual attack upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." "[The] plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Id.

## II. Analysis.

Here, Plaintiffs have invoked the jurisdiction of this Court under 28 U.S.C. § 1331. See Record Document 1 at ¶ 1. Section 1331 provides for federal question jurisdiction. See Arbaugh, 546 U.S. at 513, 126 S.Ct. at 1244. A plaintiff properly invokes Section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Id. Plaintiffs seek relief against the City of Ruston and the Ruston City Police Department under 42 U.S.C. § 1983 for assault, battery, false arrest/false imprisonment, and trespass, all based on the actions of individual police officers.

### A. Claims Against the Ruston City Police Department.

The Ruston City Police Department is not a legal entity capable of being sued in federal court. See Hicks v. Louisiana, No. CIV.A. 13-3000, 2014 WL 869247, at *1 (W.D. La. Mar. 5, 2014); Evans v. City of Homer, No. 07-0383, 2007 WL 2710792 (W.D.La.2007); Martin v. Davis, No. 06-1770, 2007 WL 763653 (E.D.La.2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."). All claims against the Ruston City Police Department shall be dismissed with prejudice and the Court will now consider Plaintiffs' claims against the City of Ruston.

**B. Claims Against the City of Ruston.**

Again, Plaintiffs have attempted to invoke federal question subject matter jurisdiction as to their Section 1983 claims against the City of Ruston. Pursuant to Rule 12(b)(1), the City of Ruston asserts both facial and factual challenges to this Court's federal question subject matter jurisdiction.

**1. Facial Challenge.**

Here, the City of Ruston argues that Plaintiffs' complaint fails to allege facts upon which federal question subject matter jurisdiction can be based. Plaintiffs' factual allegations set forth in their complaint will be taken as true and their complaint will survive the facial challenge if it alleges sufficient facts to invoke subject matter jurisdiction. See Paterson, 644 F.2d at 523. In evaluating the City of Ruston's facial challenge to subject matter jurisdiction, this Court will use the Twombly/Iqbal plausibility standard. See Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015); Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir.2008).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), and its progeny. Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56, 127 S.Ct. at 1965 (citations omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S. Ct.

at 1974. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Section 1983 provides a cause of action against anyone who, under color of state law, deprives another of his or her constitutional rights. In Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-2038 (1978), the Supreme Court held that Congress intended Section 1983 to apply to local government entities as well as to persons. The Monell Court further held that municipalities and local government agencies cannot be held liable for constitutional torts under Section 1983 pursuant to a theory of *respondeat superior*, but they can be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. Therefore, to succeed on a Monell claim against a local government entity, the plaintiff must establish (1) an official policy, practice, or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy, practice, or custom. See Fuentes v. Nueces Cnty., Tex., 689 F. App'x 775, 777 (5th Cir. 2017), quoting Valle v. City of Hous., 613 F.3d 536, 541-42 (5th Cir. 2010). Locating an official policy, practice, or custom ensures that a local government entity will be held liable only for violations of constitutional rights that resulted from the decisions of those officials whose acts may fairly be said to be those of the government entity itself. See Bd. of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-04, 117 S. Ct. 1832, 1388 (1997).

A review of the complaint demonstrates that all of their factual allegations relate to the individual actions of unnamed police officers on July 28-29, 2016. <u>See</u> Record Document 1.  The individual police officers are not identified by name in the complaint and are not named as individual defendants.  There are no factual allegations regarding unconstitutional policies, practices, and/or customs of the City of Ruston.  Likewise, no policymaker is identified.  Thus, the factual allegations in the complaint, even if accepted as true, do not establish the necessary elements of a <u>Monell</u> municipal liability claim.  <u>See</u> <u>ACS Recovery Servs., Inc.</u>, 723 F.3d at 523, citing <u>Oneida</u>, 414 U.S. at 666, 94 S.Ct. at 777 (Subject matter jurisdiction is implicated when a claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.").  Because Plaintiffs have failed to allege facts that would survive the <u>Twombly</u>/<u>Iqbal</u> plausibility standard, they have likewise failed to meet their pleading burden to invoke federal question subject matter jurisdiction.  The factual allegations relating to the actions of unnamed, individual police officers on the night in question, even taken as true, are not sufficient to impose Section 1983 municipal liability upon the City of Ruston.

## 2.    Factual Challenge.

In a factual challenge under Rule 12(b)(1), the trial court's jurisdiction - "its very power to hear the case" – is at issue.  <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-413 (5th Cir. 1981).  Thus, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  <u>Id.</u> at 413.  The Fifth Circuit has held "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating

for itself the merits of jurisdictional claims." Id. The plaintiff bears "the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Paterson, 644 F.2d at 523.

As discussed *supra*, Plaintiffs have not satisfied the Monell standard because they have not plead a policy, practice, and/or custom of the City of Ruston that is allegedly unconstitutional. Discovery has produced no such policy, practice, or custom. Under Monell, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691, 98 S.Ct. at 2036.

Moreover, Plaintiffs' argument in their reply brief that a directive from Sergeant Brown to arrest them "constituted the municipality and police department final decision" fails as a matter of law. Record Document 30 at 17. A Monell claim is based on the acts of a governmental official "with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." Burge v. Par. of St. Tammany, 187 F.3d 452, 468 (5th Cir. 1999). Here, Sergeant Brown was not the final policymaking authority for the City of Ruston. Instead, Chief Stephen Rogers is the final policymaking authority for the City of Ruston with respect to the police department. See Record Document 26-5 (Affidavit of Chief Stephen Rogers) (generally discussing the normal practices and course of activities for the Ruston Police Department). This Court has held that police officers such as Sergeant Brown are not final policymaking authorities. See Adams v. City of Shreveport, 269 F. Supp. 3d 743, 753 (W.D. La. 2017).[2]

---

[2]In Adams, this Court explained:

In sum, Plaintiffs have failed to prove by a preponderance of the evidence that this Court has federal question subject matter jurisdiction and their case must be dismissed. This case presents an instance where a jurisdictional dismissal is appropriate because the alleged federal claim against the City of Ruston is immaterial, insubstantial, and foreclosed by the Supreme Court's decision in <u>Monell</u>. <u>See</u> <u>ACS Recovery Servs., Inc.</u>, 723 F.3d at 523, citing <u>Oneida</u>, 414 U.S. at 666, 94 S.Ct. at 777. Plaintiffs have simply presented no federal case or controversy.

## CONCLUSION

Based on the foregoing analysis, this Court hereby dismisses, with prejudice, all claims against the Ruston City Police Department, as the police department is not a legal entity capable of being sued. Further, all claims against the City of Ruston are dismissed, without prejudice, as the Court lacks federal question subject matter jurisdiction over such claims.

Accordingly,

---

Under the undisputed facts in the summary judgment record, Officers Coleman and Neville are both corporals in the SPD, a rank one rank above the rank of an ordinary officer. See Record Documents 21–5 at 8 (deposition of Officer Coleman page 25, lines 9–12) and 21–6 at 10 (deposition of Officer Neville page 32, lines 4–7). Therefore, these officers are unquestionably not the final policymaking authorities for the SPD, and as such are not the appropriate officials to sue in their official capacity to impose liability on the City of Shreveport.

<u>Adams</u>, 269 F.Supp.3d at 753.

**IT IS ORDERED** that the Rule 12(b)(1) Motion, Rule 12(c) Motion, and Rule 56 Motion for Summary Judgment (Record Document 26) filed by Defendants, the City of Ruston and the Ruston City Police Department, be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of September, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT